FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/5/2023 4:22 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV1196

NO _____

| | | |
|---|---|---|
| **BISHOP ENVIRONMENTAL SERVICES, INC.,** | § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | OF JEFFERSON COUNTY, TEXAS |
| v. | § § | |
| **PARK WOOD RISK RETENTION GROUP, INC.,** | § § § | |
| *Defendant.* | § | 172ND JUDICIAL DISCTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Bishop Environmental Services, Inc. ("<u>Plaintiff</u>") in the above-entitled and numbered cause, complaining of and against Park Wood Company Risk Retention Group, Inc. (the "<u>Defendant</u>" or "<u>Insurer</u>") and, for causes of action, would respectfully show the Court as follows:

### 1.   FACTUAL SUMMARY

1.1.   This suit is brought as a result of the failure or refusal by Powermove Transport, LLC (the "<u>Insured</u>") to pay for the towing, recovery, cleanup, environmental restoration, and storage services (the "<u>Services</u>") that Plaintiff provided to the Insured.

1.2.   Defendant issued the Insured a policy PWR0000176 containing an MCS-90 endorsement

1.3.   On or about December 22, 2020, a 2005 Freightliner Cascadia 133 with a VIN ending 3424 which negligently failed to maintain a single lane, struck a light pole, and rolled onto its side (the "<u>Incident</u>") in Jefferson County, Texas. Plaintiff was ordered by law enforcement to provide recovery, towing and vehicle storage services (the "<u>Services</u>") so that the highway could be re-opened. Plaintiff performed the Services in a timely and professional manner and subsequently invoiced the Insured. Insurer was aware of the charges as well.

Copy from re:SearchTX

1.4. On July 29, 2021, third-party adjusting firm CBC Claims sent a letter to the Plaintiff denying payment for the claim for the Services falsely claiming that only listed vehicles are covered.

1.5. On May 11, 2023, a final judgment against the Insured was signed in the amount of **$65,152,84** plus postjudgment interest.

1.6. On June 13, 2023, Plaintiff sent a demand letter to Insurer via standard and electronic mail.

1.7. Notwithstanding Plaintiff's demand for payment for the Services, the Insured and Insurer have failed to tender payment even following litigation and judgment.

## 2. RULE 190 DESIGNATION

2.1. Discovery is intended to be conducted under Level 1 of Texas Rules of Civil Procedure 190.1.

## 3. PARTIES AND SERVICE OF CITATION

3.1. Plaintiff, Bishop Environmental Services Inc., is a for-profit corporation with a principal place of business in Montgomery County, Texas at the time of the events that form the basis of this lawsuit.

3.2. Defendant **Park Wood Risk Retention Group, Inc.** is an insurance company and resident of the State of Alabama. Park Wood Company Risk Retention Group, Inc. is registered with the Alabama Secretary of State and has designated an agent for service with the same. Therefore, service of process on Park Wood Risk Retention Group, Inc. may be made by serving its registered agent at the address identified below. Plaintiff requests that citation be issued and service be accomplished via private process server.

> *Park Wood Risk Retention Group, Inc.*
> *c/o Gilpin Givhan, P.C.*
> *2660 East Chase Lane*
> *Suite 300*

*Montgomery, Alabama 36117-7024*

## 4. JURISDICTION

4.1.    This Court has jurisdiction over this matter and over these parties.

4.2.    **Subject Matter Jurisdiction**.

4.2.1.    Plaintiff seeks damages in excess of the minimum jurisdictional limit and within the jurisdictional limits of this Court.

4.2.2.    Pursuant to Tex. R. Civ. P. 47(c), Plaintiff states that it seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.  Therefore, this Court has jurisdiction over this matter.

4.2.3.    The nation's federal courts do not possess subject matter jurisdiction under 28 U.S.C. § 1331 as no federal question is pleaded here.

*4.2.4.    The nation's federal courts do not possess subject matter jurisdiction under 28 U.S.C. § 1332 as Plaintiff seeks relief less than $75,000, exclusive of interest and costs.*

4.3. **Personal Jurisdiction**.

4.3.1.    Moreover, this Court has personal jurisdiction over each of the Defendant sued herein.

4.3.2.    **General Personal Jurisdiction**.

4.3.2.1.    Defendant, at relevant times, did business in the State of Texas by providing goods, products, materials, labor, supervision, and other services to citizens of the State of Texas, and thus has had minimum contacts with the State of Texas such that exercise of personal jurisdiction over Defendant will comport with due process and traditional notions of fair play and substantial justice.  Therefore, this Court has general personal jurisdiction over Defendant.

Copy from re:SearchTX

4.3.3. **Specific Personal Jurisdiction**.

4.3.4. Plaintiff alleges that specific personal jurisdiction exists as to the Defendant because the claims asserted herein arise from Defendant's contacts with the State of Texas. Specifically, Defendant availed itself of the privilege of conducting activities (*offering insurance services*) in the State of Texas and purposefully directed conduct into the State of Texas.[1] Additionally, Plaintiff's claims herein arise out of and relate to Defendant and its Insured's actions of omission or commission within the State of Texas.[2] Due to its involvement with the providing services and conducting business in the State of Texas, Defendant has minimum contacts with the State of Texas such that the exercise of personal jurisdiction over it will comport with the Constitution and "traditional notions of fair play and substantial justice."[3]

    4.3.4.1. First, because Plaintiff is a Texas resident and Defendant is registered to conduct insurance sales and services in the State of Texas with the Texas Department of Insurance, the State of Texas has an interest in adjudicating the case in order to protect the safety of its citizens.

    4.3.4.2. Second, Plaintiff, as a resident of the State of Texas, has an interest in obtaining convenient and effective relief, and should not have to bring multiple suits out of state, far from its home and the state where the incident in question occurred, and especially in foreign states;

---

[1] *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal*., 137 S.Ct. 1773, 1785 (2017) (citing *Hanson v. Denckla*, 37 U.S. 235, 253 (1958)); *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 159 (Tex. 2013).

[2] *Bristol-Myers Squibb Co. v. Superior Ct. of Cal*., 137 S.Ct. 1773, 1786 (2017); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984); Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 575-576 (Tex. 2007).

[3] *Bristol-Myers*, 137 S.Ct. at 1786; *Retamco Op., Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 341 (Tex. 2009).

Copy from re:SearchTX

4.3.4.3. Third, the burden on the Defendant to defend itself in Texas is not an undue burden, especially given the involvement of it with respect to insurance sales to vehicle owners which travel over public roads in the State of Texas.

## 5. VENUE

5.1. Venue is proper in Jefferson County, Texas under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as to Defendant because it is the county in which all or a substantial part of the events or omissions giving rise to the claims occurred.

5.2. All of Plaintiff's claims arise from the same occurrence, transaction, or series of occurrences or transactions leading to the incident. All of plaintiff's claims arise from the same damages caused the incident.

## 6. FACTS

6.1. **General Background**. Plaintiff brings this suit to recover payment for a judgment awarding monetary damages to it following the cleanup of spilled materials by its insured on a Texas Highway. On December 22, 2020, Plaintiff was ordered by law enforcement to perform recovery, towing, and vehicle storage services at the Crash Scene as a result of the Defendant's Insured's negligence. The Defendant's Insured received and accepted the labor, services, and materials provided and became bound to pay Plaintiff for the same. The Insured declined to pay, was sued, and Plaintiff was awarded a judgment attached hereto as EXHIBIT A. The Defendant is now obligated to pay the judgment.

## 7. CAUSES OF ACTION

7.1. **Count 1 – Liability Under the Form F Endorsement**

7.2. Plaintiff incorporates by reference all the above paragraphs of this Petition.

7.3. The MCS-90 endorsement on the Insured's policy creates a reimbursable obligation as to final judgments rendered against the named Insured.

Copy from re:SearchTX

7.4. In this case, Defendant is obligated to pay the final judgment attached hereto against the Insured.

7.5. Therefore, Defendant is obligated to pay the judgment.

## 8. TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE

8.1. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that all documents produced in response to written discovery may be used as evidence in this case; and that such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## 9. CONDITIONS PRECEDENT

9.1. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## PRAYER

9.2. Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover as follows:

   9.2.1. Judgment against Defendant for its actual damages set forth in the judgment attached hereto in the amount of **$63,960.00**;

   9.2.2. Prejudgment interest as allowed by law at the highest legal rate or as set forth in the Judgment attached hereto;

   9.2.3. Post-judgment interest as allowed by law at the highest legal rate or as set forth in the Judgment attached hereto;

   9.2.4. Cost of suit;

   9.2.5. Attorney fees and expenses; and

Copy from re:SearchTX

9.2.6. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

          Respectfully submitted,

          **THE WALTERS FIRM, PLLC**

          By: _____
          David M. Walters
          Texas Bar No. 24056490
          david@texastowinglawyer.com
          Brian E. Walters
          Texas Bar No. 24056489
          brian@texastowinglawyer.com
          611 W. 14th St.
          Austin, TX 78701
          Tel. (512) 236-1114
          Fax. (512) 236-1292
          **ATTORNEYS FOR THE PLAINTIFF**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above and foregoing has this day been delivered by my agent via the means described below to each of the following parties in this matter or, as applicable, their counsel of record on this 5th day of September, 2023.

*Via facsimile or electronic transmission:*

  GILPIN GIVHAN, P.C.
  2660 East Chase Lane
  Suite 300
  Montgomery, AL 36117-7024
  Tel (334) 244-1111
  Fax (334) 244-1969
  ATTN: firm@gilpingivham.com

              **SIGNED:**

              _____
              David M. Walters

[*Remainder of page intentionally left blank. Exhibit follows.*]

# EXHIBIT A

# JUDGMENT

Copy from re:SearchTX

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/12/2023 9:41 AM
JAMIE SMITH
DISTRICT CLERK
E209758

CAUSE NO. E-0209758

| | | |
|---|---|---|
| BISHOP ENVIRONMENTAL SERVICES, INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | 172ND JUDICIAL DISTRICT |
| POWERMOVE TRANSPORT LLC, | § § | |
| Defendant. | § | JEFFERSON COUNTY, TEXAS |

### DEFAULT JUDGMENT

ON THIS DAY came to be heard in the bench trial in the above-styled and numbered cause, wherein Bishop Environmental Services, Inc. is Plaintiff and Powermove Transport LLC is Defendant. Plaintiff appeared and announced ready for trial. Defendant, although having been cited on June 30, 2022 to appear and answer, failed to enter a valid appearance and wholly made default.

The Court, after reviewing and considering the Officer's Return on file, the pleadings and the official records on file in this Cause, as well as the evidence presented by Plaintiff, including any evidence attached to Plaintiff's Motion for Default Judgment and the declarations filed into the record thereafter, is of the opinion that Plaintiff has proved liability against Powermove Transport LLC, and that Judgment for liability and damages should be rendered for Plaintiff, Bishop Environmental Services, Inc., for Plaintiff's actual damages, reasonable and necessary attorney's fees, expenses, and taxable costs.

The Court finds that Plaintiffs damages were caused by Defendant's failure to pay for the labor performed and services rendered by Plaintiff for spill cleanup, remediation, and

Order Granting Default Judgment
Page 1 of 2
20280

Plaintiff's Original Petition
200280
Page 10

Copy from re:SearchTX

environmental restoration performed on November 22, 2019. The spill cleanup, remediation, and environmental restoration services were reasonably necessary following Powermove Transport LLC's failure to control the speed and direction of its Freightliner tractor, which was hauling a Wabash National Corp trailer while loaded with cargo.

The court finds Plaintiff's actual damages to be **$65,835.39**, being $58,998.49 for hazardous materials cleanup removal, disposal, and interest, plus $6,863.90 in reasonable and necessary attorney's fees, and $556.90 in expenses, and $ 556.90 in taxable costs of court.

It is accordingly **ORDERED, ADJUDGED, AND DECREED** that judgment be, and hereby is, entered in favor of Plaintiff, Bishop Environmental Services, Inc., and against Defendant, Powermove Transport LLC in the amount of **$65,835.39** together with post-judgment interest in at the rate of 5.5% per annum until paid.

**ORDERED FURTHER**, that execution issue for this judgment.

**ORDERED FURTHER**, that this judgment disposes of all parties and all claims, is final, and appealable.

**ORDERED FINALLY**, that any relief not granted herein is **DENIED**.

SIGNED on this _11th_ day of _May_, 2023.

_____
JUDGE PRESIDING
Mitch Templeton

Order Granting Default Judgment
Page 2 of 2
20280

Plaintiff's Original Petition
200280

Page 11

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Walters on behalf of David Walters
Bar No. 24056490
david@texastowinglawyer.com
Envelope ID: 79228749
Filing Code Description: Petition
Filing Description: ORIGINAL PETITION
Status as of 9/5/2023 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gilpin Givhan | | firm@gilpingivhan.com | 9/5/2023 4:22:26 PM | SENT |